WILLIAM WELLS *v.* WILLIAM MITCHELL, Executor, &c.

1. PROBATE COURT : PLEADING AND PRACTICE : DEMURRER TO THE WHOLE OF A PETITION SHOULD BE OVERRULED, IF PETITION GOOD IN PART.—If a petition in the Court of Probates be good as to any part of the relief prayed for, a demurrer to the whole petition should not be sustained.
2. EXECUTOR AND ADMINISTRATOR : LIABLE TO ACCOUNT FOR ASSETS LEFT BY HEIR IN HIS HANDS TO PAY ILLEGAL LEGACY.—If, in a partial voluntary settlement between an executor and the heir, funds be left in the hands of the former to pay certain legacies in the will which are illegal, the funds so retained continue to be assets in his hands, and, upon his failure to pay the illegal legacies, he will be liable to account for them to the heir.
3. PROBATE COURT : JURISDICTION TO COMPEL AN ACCOUNT FOR ASSETS RETAINED BY EXECUTOR WITH CONSENT OF HEIR TO PAY ILLEGAL

LEGACY.—The Probate Court has jurisdiction to entertain a petition to compel an executor to distribute assets which, upon a partial voluntary settlement between him and the heir, were left in his hands to pay an illegal legacy.

APPEAL from the Court of Probates of Madison county. Hon. J. H. Postell, judge.

The substance of the petition is fully set out in the opinion of the court. The defendant (who is the appellee) demurred to the whole petition, and assigned eleven causes of demurrer. The first, second, third, and fourth causes had reference to so much of the petition as referred to real estate. The remaining grounds of demurrer were based on the Statute of Limitations, and on a denial of the jurisdiction of the Probate Court to give relief, as a voluntary settlement had been made, and upon the further ground that the executor had been fully discharged.

The demurrer was sustained and the petition dismissed, and the petitioner appealed.

*John D. Freeman,* for appellant.

*R. A. Clark,* for appellee.

HARRIS, J., delivered the opinion of the court:

Appellant filed his petition in the Probate Court of Madison county, stating that Edward Wells of said county died in the year 1848, leaving a will, which was probated in said county. That appellee qualified as his executor, and took possession of his estate and administered the same in part only. That by said will certain property and a considerable sum of money was bequeathed to certain negro slaves belonging to testator, and petitioner, with others, who refused to join in his petition, were made residuary legatees.

That, in the year 1853, petitioner made a partial voluntary settlement with said executor, in which the said executor was allowed to retain the possession of said slaves, together with the bequests to them, under the supposition that the testator had power to make the dispositions contained in said will in their

behalf; but that the said executor has appropriated the said slaves and said legacies made in their favor to his own use, and refuses to account for the same. That said slaves and legacies remain in his hands, a portion of said estate, liable to distribution among the residuary legatees, while the executor claims to hold them as his own.

The petitioner then states that the testator died seized of real estate not devised by his said will specifically, which is sought to be made subject to distribution among the residuary legatees.

The petition prays for account and distribution, and for a sale of the lands for that purpose.

To this petition the appellee filed a general demurrer, with special causes, to the whole petition.

The court sustained the demurrer and dismissed the petition. From this decree an appeal is prosecuted, and this decree assigned for error here.

Admitting that the petition was demurrable as to that part which sought distribution of the *real estate* referred to in the petition, yet, upon technical rules applicable in such cases, a demurrer to the *whole* petition, for that cause, should have been overruled. As there was no merit in the remaining causes relied on, the whole demurrer should have been overruled, and the executor required to answer as to the *personal* estate in his hands claimed to be subject to distribution.

Let the decree be reversed and cause remanded for further proceedings in accordance with this opinion.